UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RICHARD PICHARDO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>EL PUERTO SEAFOOD CORP., LUIS CRUZ, and YUBANEX QUEZADA,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | **No: 26 Civ. 8890**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Pichardo ("Plaintiff" or "Pichardo"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants El Puerto Seafood Corp. ("El Puerto"), Luis Cruz, and Yubanex Quezada (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. While employed as a line cook and cashier at El Puerto, Pichardo regularly worked up to fifty-six hours per workweek but was paid at the same hourly wage rate for all hours worked, including those over forty. In addition to denying Plaintiff his overtime wages due, Defendants failed to pay Pichardo spread-of-hours pay for workdays on which his shifts spanned more than ten hours, and failed to furnish Pichardo with wage notices at the time of hiring and compliant wage statements at the end of each pay period.

2. Pichardo brings this action on behalf of himself and all similarly situated restaurant workers (the "Restaurant Workers") to recover unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred primarily in Manhattan, within this District.

## THE PARTIES

**Plaintiff Richard Pichardo**

5. Richard Pichardo resides in Bronx County, New York.

6. Pichardo has worked for El Puerto as a line cook and cashier from approximately late February 2023 to the present.

**Defendant El Puerto Seafood Corp.**

7. Defendant El Puerto Seafood Corp. is a New York corporation located at 511 West 125th Street, New York, New York 10027.

8. El Puerto operates a seafood restaurant and fish market at that location.

9. El Puerto is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. El Puerto has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person, including by ordering, selling, and buying fish and other seafood from

vendors located in states other than New York.

11. In each of the three years preceding the filing of this Complaint, El Puerto's annual gross volume of sales made or business done exceeded $500,000.

**Defendant Luis Cruz**

12. Defendant Luis Cruz is an owner and operator of El Puerto.

13. Cruz authorized the hiring and firing of El Puerto employees. For example, Cruz, together with co-owner Yubanex Quezada, hired Pichardo.

14. Cruz supervised the day-to-day work of El Puerto employees, including Plaintiff and Restaurant Workers. Cruz, together with Quezada determined the wage rates and schedules of El Puerto employees, including those of Plaintiff and Restaurant Workers.

15. Cruz is liable as an employer within the meaning of the FLSA and NYLL. Cruz, together with Quezada, chose to pay Plaintiff and other Restaurant Workers at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek, and chose not to furnish them with wage notices and accurate wage statements.

16. Cruz exercised sufficient control over the operations of El Puerto to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Yubanex Quezada**

17. Defendant Yubanex Quezada is an owner, operator, and general manager of El Puerto.

18. Quezada authorized the hiring and firing of El Puerto employees. For example, Quezada, together with Cruz, hired Pichardo.

19. Quezada supervised the day-to-day work of El Puerto employees, including Plaintiff and Restaurant Workers. Quezada, together with Cruz, determined

the wage rates and schedules of El Puerto employees, including those of Plaintiff and Restaurant Workers. For example, Pichardo often communicated with Quezada regarding any requests for days off or sick days.

20. Quezada is liable as an employer within the meaning of the FLSA and NYLL. Cruz, together with Cruz, chose to pay Plaintiff and other Restaurant Workers at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek, and chose not to furnish them with wage notices and accurate wage statements.

21. Quezada exercised sufficient control over the operations of El Puerto to be considered Plaintiff's employer under the FLSA and NYLL.

**FACTUAL ALLEGATIONS**

22. Throughout his employment, Pichardo and Restaurant Workers performed food-preparation and customer-service work at El Puerto's seafood restaurant, including operating the fryer and steamer, taking customer orders, and handling customer payments.

23. From approximately late-February 2023 through May 2023, Pichardo worked seven days per workweek, typically working varied shifts such as 11:00 a.m. to 10:00 p.m., 2:00 p.m. to 1:00 a.m., 2:00 p.m. to 6:00 a.m., 11:00 a.m. to 8:00 p.m., totaling approximately fifty-two to fifty-six hours per workweek.

24. From approximately May 2023 to the present, Pichardo has worked six days per workweek, with hours that vary, totaling on average approximately 48 hours per workweek, and at different points ranging between approximately 45 and 60 hours per workweek.

25. For example, for the workweek of August 22 to 29, 202, Pichardo worked Saturday from 10:06 p.m. to 5:53 a.m. the next day; Sunday from 2:57 p.m. to 8:00 p.m.;

Monday from 2:09 p.m. to 10:02 p.m.; Tuesday from 10:00 p.m. to 5:51 a.m. the next day; Thursday from 2:24 p.m. to 10:03 p.m.; and Friday from 10:00 p.m. to 5:53 a.m. the next day, totaling approximately forty-four hours of work per workweek.

26. On workdays on which Plaintiff's shifts spanned more than ten hours, including his 11:00 a.m. to 10:00 p.m., 2:00 p.m. to 1:00 a.m., and 2:00 p.m. to 6:00 a.m. shifts, Defendants did not pay Plaintiff an additional hour's pay at the basic minimum wage rate.

27. Defendants required Plaintiff to punch in and out but did not provide him with any records of his hours worked or of his pay with each payment of wages.

28. From approximately late February 2023 through December 2025, Defendants paid Plaintiff approximately $16.50 per hour for all hours worked, including for hours worked over forty per workweek.




29. From approximately January 2026 to the present, Defendants have paid Plaintiff $17 per hour for all hours worked, including for hours worked over forty per workweek.

30. Defendants paid Plaintiff his wages, partly in cash and partly by check, weekly in a white envelope with his name on it:

31. For example, for the week of June 1 to June 7, 2024, Defendants paid Plaintiff a check drawn on El Puerto's bank account in the amount of $281.66, dated June 7, 2024 and the remainder of his wages in cash:




32. Likewise, for the workweek of September 19 to September 25, 2026, Defendants paid Pichardo $419.05 on a check and $290 in cash. Pichardo worked Saturday 10:07 p.m. to 5:55 a.m.; Sunday 2:28 p.m. to 7:01 p.m.; Monday 2:09 p.m. to 10:01 p.m.; Tuesday 9:58 p.m. to 5:55 a.m.; Thursday 2:10 p.m. to 10:02 p.m. and Friday 10:04 p.m. to 5:50 a.m.




33. On September 22, 2026, Defendant Cruz told Pichardo that Defendants would start paying Plaintiff and the Restaurant Workers via direct deposit for the first forty hours, and the rest of the hours in cash starting on October 2.

34. Defendants did not pay Plaintiff overtime wages at the rate of one and one-half times his regular hourly wage rate for hours worked over forty per workweek, but paid Plaintiff his regular hourly wage rate for all hours worked.

35. Currently, Defendants employ approximately twenty-five Restaurant Workers across El Puerto's morning, afternoon, and night shifts. Defendants paid Plaintiff and the other Restaurant Workers in the same manner, at straight-time rates for all hours worked, including for hours worked over forty per workweek.

36. Defendants failed to furnish Plaintiff and other Restaurant Workers with wage statements with each payment of their wages throughout their employment.

37. Defendants failed to furnish Plaintiff and other Restaurant Workers with wage notices at the time of their hiring or when their rates of pay changed.

38. Defendants have previously been sued for the same unlawful pay practices alleged in this Complaint. In *Caballero v. El Puerto Seafood Corp.*, No. 12 Civ. 2679 (CM) (S.D.N.Y. filed Apr. 6, 2012), eight employees sued Defendants and a related fish-market entity for failure to pay minimum wages, overtime wages, and spread-of-hours pay in violation of the FLSA and the NYLL. The Parties settled this case for an undisclosed amount.

39. In *Tapia v. El Puerto Seafood Corp.*, No. 23 Civ. 9150 (JPC) (S.D.N.Y.), an employee alleged that Defendants failed to pay overtime wages and failed to furnish accurate wage statements in violation of the FLSA and the NYLL; on February 12, 2024, judgment was entered in that action pursuant to Federal Rule of Civil Procedure 68 in favor of the plaintiff and against El Puerto and Luis Cruz, jointly and severally, in the amount of $37,500.

40. As a result of this prior litigation, Defendants were aware, or should have been aware, of their obligations under the FLSA and the NYLL to pay overtime wages,

spread-of-hours pay, and to furnish employees with wage notices and accurate wage statements, yet they continued to subject Plaintiff and the Restaurant Workers to the same unlawful pay practices.

**COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff brings this action on behalf of himself and all similarly situated Restaurant Workers who worked at El Puerto within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

42. The FLSA Collective consists of Restaurant Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

43. Throughout their employment, Plaintiff and the FLSA Collective have regularly worked more than forty hours per workweek, have performed similar work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

32. Defendants are aware or should have been aware that the FLSA required them to pay Restaurant Workers an overtime premium for hours worked in excess of forty per workweek.

33. Defendants' wage payment practices have repeatedly been the subject of federal litigation, including litigation resulting in a judgment against El Puerto and Luis Cruz.

34. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly

situated Restaurant Workers can be readily identified and located through Defendants' records. The similarly situated Restaurant Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

36. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Restaurant Workers who work or have worked for El Puerto within the six years prior to the filing of this Complaint (the "Liability Period") (the "Rule 23 Class").

37. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

38. Although the precise number of such employees is unknown, the size of the Rule 23 Class far exceeds forty individuals when accounting for employee turnover during the six-year Liability Period. Facts supporting the calculation of that number are presently within the sole control of Defendants.

39. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

40. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, as alleged herein;

b. whether Defendants failed to pay Restaurant Workers at the correct overtime rate for all time worked in excess of forty hours per week;

c. whether Defendants failed to pay Restaurant Workers spread-of-hours pay for each day on which they worked shifts spanning more than ten hours;

d. whether Defendants failed to provide Restaurant Workers with accurate wage statements as required by the NYLL and WTPA;

e. whether Defendants failed to provide Restaurant Workers with wage notices as required by the NYLL and WTPA; and

f. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

41. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the Liability Period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

42. Plaintiff and the Rule 23 Class have all been injured in that they have been undercompensated due to Defendants' common policies, practices, and patterns of conduct.

43. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

44. Plaintiff has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

45. There is no conflict between Plaintiff and the Rule 23 Class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial

resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

47. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA - Unpaid Overtime)**

48. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

49. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

50. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

51. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

52. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

53. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SECOND CLAIM**
**(NYLL - Unpaid Overtime)**

54. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

55. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

56. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

57. Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half times their regular hourly rates of pay per hour worked in excess of forty per workweek.

58. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

59. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(NYLL - Unpaid Spread-of-Hours Pay)**

68. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

69. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning more than ten hours, in violation of the NYLL and its supporting NYDOL Regulations, including 12 N.Y.C.R.R. § 146-1.6.

70. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**FOURTH CLAIM**
**(NYLL - Failure to Provide Accurate Wage Statements)**

71. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

72. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

73. Defendants' failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff and the Rule 23 Class's overtime wages due.

74. As part of their general practice and policy, Defendants paid Plaintiff and the Rule 23 Class in a manner that did not reflect their hours worked per workweek and the regular and overtime wage rates due, thereby preventing Plaintiff and the Rule 23 Class from knowing whether they received all pay at the correct wage rates due for all hours worked per workweek. Had Defendants complied with the requirements of NYLL § 195(3), Plaintiff and the Rule 23 Class would have known that they were supposed to receive, and would have received, one and one-half times their regular rate per overtime hour worked.

75. By concealing this information, Defendants avoided paying Plaintiff and the Rule 23 Class their overtime wages due per workweek as alleged in this Complaint.

76. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**FIFTH CLAIM**
**(NYLL - Failure to Provide Wage Notices)**

77. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

78. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

79. Defendants failed to furnish Plaintiff and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

80. Defendants' failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff and the Rule 23 Class their overtime wages due.

81. As part of their general practice and policy, Defendants did not provide Plaintiff and the Rule 23 Class with the wage notice required under NYLL § 195(1) upon hire or when their pay rates changed. Had Plaintiff and the Rule 23 Class received this information, they would have known that they were entitled to receive pay of one and one-half times their regular wage rate for hours worked over forty per workweek, which would have allowed them to complain about Defendants' wage payment failures alleged here.

82. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiff as class representative, and designate Plaintiff's counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d. declare that Defendants have violated the spread-of-hours provision of the NYLL and supporting regulations;

e. declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

f. declare that Defendants' violations of the FLSA and NYLL were willful;

g. award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

h. award Plaintiff and the Rule 23 Class unpaid spread-of-hours pay;

i. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

j. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

k. award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

l. award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

m. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 8, 2026

PECHMAN LAW GROUP PLLC

By: ______________________

Louis Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
tapiacolin@pechmanlaw.com

*Attorneys for Plaintiff, the Putative FLSA Collective, and Putative Rule 23 Class*